(68 App. Div. 130.)

ROGERS v. CONDE et al.

(Supreme Court, Appellate Division, First Department.   December 20, 1901.)

CHATTELS—WRONGFUL DETENTION—COMPLAINT.

> A complaint alleged that plaintiff's intestate was the owner and entitled to the possession of certain chattels; that plaintiff was her administrator; that defendants were in possession of the chattels, and had refused to deliver them up on demand of plaintiff. *Held* to sufficiently set forth the facts showing defendants' possession to be unlawful, as required by Code Civ. Proc. § 1721.

Appeal from special term, New York county.

Action by L. Harding Rogers, administrator of Marie C. Rogers, against Swits Conde and Aphama I. Conde.   From an interlocutory judgment in favor of plaintiff, defendants appeal.   Affirmed.

The following is the opinion of the court below (SCOTT, J.):

> It is not complained that the defendants wrongfully took the chattels sued for, nor is it alleged that they have converted them. All that is alleged is that they wrongfully detained them. The Code requires that in such a case the complaint must set forth the facts showing that the possession is wrongful, and the defendants insist that the complaint fails to set forth such facts. With this contention I cannot agree. The complaint sets forth that plaintiff's intestate, at her death, was the owner of and entitled to immediate possession of the chattels, and that he was duly appointed her administrator. Prima facie these facts not only entitled him as administrator to the possession of the chattels, but made it his duty to reduce them to possession. The complaint further shows that the defendants are in possession of the chattels, and that plaintiff has demanded their delivery to him, which demand has been refused by defendants. These facts, admitted by the demurrer, establish the plaintiff's right to possession, and show that the defendants' detention, in violation of his right, is wrongful. Section 1721 of the Code does not require the plaintiff in such an action to allege the reasons which, as he may imagine, will be urged by the defendants in justification of their detention of the chattels, but merely the facts which, taken as true, show that the detention is unlawful. These facts are sufficiently set forth when it is alleged that the plaintiff is the owner of or entitled to the possession of the chattels in possession of defendants, and that defendants have refused to comply with a demand to deliver them up. Chapin v. Bank, 31 Hun, 529. I find nothing against this view in Scofield v. Whitelegge, 49 N. Y. 259, or Seifret v. Kraft, 13 Civ. Proc. R. 321. In neither case was there an allegation of demand and refusal. and in the former case there was no allegation of ownership by plaintiff. Demurrer overruled, with costs, with leave to withdraw demurrer and answer within 20 days, upon payment of costs.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.

Marshall B. Clarke, for appellants.

L. Harding Rogers, Jr., in pro. per.

PER CURIAM.   Judgment affirmed, with costs, on the opinion of the court below, with leave to the defendant to withdraw demurrer, and answer, on payment of costs in this court and in the court below.